UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:21-cr-101-KKM-SPF

T'ANDRE MCNEELY

### SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files the following sentencing memorandum regarding the sentencing of defendant T'Andre McNeely.

### BACKGROUND

As set forth in the offense conduct portion of the PSR, T'Andre McNeely was charged in March 2021 with a scheme that operated from summer 2014 through approximately spring 2018, which attempted to defraud the United States government of in excess of $17 million through the filing of false and fraudulent tax returns in the names of hundreds of identity theft victims.

McNeely was hired by an overseas conspirator, Allen Levinson, who recruited individuals like McNeely—through job placement ads and word of mouth—to collect the proceeds of the tax fraud and send to Levinson, usually in Nigeria. In additional to McNeely, Williams, and Carr, Levinson recruited other individuals to help collect the fraud proceeds (the United States estimates that Levinson hired in excess of twenty people for this purpose, many of whom did not know one another).

1

Levinson used sophisticated cyber means to obtain the personal data used to file the returns. He also hired other foreign nationals—including individuals located in Vietnam—to prepare and file the returns quickly and in large batches. The returns were filed from real CPA firms across the United States, all of whom had been hacked.

To protect his income source and maintain his role in the conspiracy, Levinson did not share all of the details with his U.S. money mules—McNeely, Carr, and Williams—about where he obtained the data to file the returns, or how they were filed. Levinson shared with the U.S. money mules precisely the information they needed to complete their roles in the scheme, including when returns were filed, the accounts or cards to which the refund was directed (along with the personal details of the purported cardholders), and where to send the proceeds (after the money mules took their own cut). Levinson communicated directly with McNeely, and at times through Carr, about the returns and refunds for which McNeely and Carr were responsible. The United States has no evidence or reason to believe that either McNeely or Carr were privy to communications and transactions between Williams and Levinson, or between Levinson and many other conspirators with which they were not connected.[1]

---

[1] One such example is the transaction described in paragraph 24 of McNeely's PSR. The United States recognizes that McNeely was not involved in that transaction and is likely unaware of the details of the transaction, outside of the discovery the United States provided. The parties jointly suggested that Probation add a footnote to that effect, just to make it clear that McNeely simply has no personal knowledge of the details. Probation declined to add such a footnote.

Importantly, the scheme described herein does not work without the participation of people like McNeely. Levinson needs people in the United States (and specifically, U.S. bank accounts, addresses, and cards), willing to take part in a dubious enterprise for a few hundred bucks, for the scheme to work. Without U.S.-based participants, *the scheme fails*.

## MEMORANDUM OF LAW

The parties came up with a good faith estimate of the guidelines calculation that would apply to McNeely, and included that estimate in the plea agreement. The estimate is also included in paragraph six of McNeely's PSR. Probation identified an additional 2-level enhancement under USSG §2B1.1(b)(11)(B)(i) and, upon review of the enhancement and applicable case law, the United States has determined that the application of this enhancement is likely appropriate.

USSG §2B1.1(b)(11)(B)(i) provides that if the offense of conviction involved the "production or trafficking of any . . . unauthorized access device," the defendant is subject to an additional enhancement of two levels. Application note 10 provides that "'[p]roduction' includes manufacture, design, alteration, authentication, duplication, or assembly." An access device, which is defined at 18 U.S.C. § 1029(e)(1), includes a social security number (*United States v. Wright*, 862 F.3d 1265, 1275 (11th Cir. 2017)) and prepaid debit card (*United States v. Charles*, 757 F.3d 1222, 1227 (11th Cir. 2014)). As established in the PSR, the conspiracy involved using the personal information of certain third-party victims (including social security numbers) to file false and fraudulent tax returns, requesting refunds. The returns, at

times, directed that the refunds be paid onto prepaid debit cards that were in the physical possession of the U.S. based conspirators, including McNeely. McNeely provided card numbers for newly-obtained prepaid debit cards to Levinson, who in turn either registered or caused the registration of the cards in the names of third-party victims. Later, after the refunds were generated, Levinson communicated with McNeely to tell him the names associated with the cards and the amount of refund that was anticipated to be deposited.

    Although McNeely did not personally register the access devices, the United States must only prove by a preponderance of the evidence that the defendant's relevant conduct included the production of an access device. *United States v. Pierre*, 825 F.3d 1183, 1197 (11th Cir. 2016). And the fact that the access device—here prepaid debit card—is actually produced by a commercial entity rather than one of the conspirators themselves. The registration of the device causes its production, which is precisely the type of conduct the enhancement is meant to cover. *See United States v. Taylor*, 818 F.3d 671, 678–79 (11th Cir. 2016).

    Based on the evidence in this case and the applicable provisions of the United States Sentencing Guidelines, the defendant is subject to the following Guidelines calculation:

| | | |
|---|---|---|
| 7 | Base Offense Level (USSG §2B1.1(a)(1)) | |
| +20 | Loss between $9,500,000 and $25,000,000 (USSG §2B1.1(b)(1)(K)) | |
| + 2 | 10 or more victims (USSG §2B1.1(b)(2)(A)(I)) | |

| | |
|---|---|
| +2 | Substantial part outside of U.S. (USSG §2B1.1(b)(10)(B)) |
| +2 | Production or trafficking of an access device (USSG §2B1.1(b)(11)(B)(i)) |
| – 3 | Acceptance of responsibility |

**TOTAL OFFENSE LEVEL: 30**

An offense level of 30, combined with a Criminal History Category of I, will result in a Guidelines offense level of 97 to 121 months' imprisonment. Based on his early acceptance of responsibility, limited criminal history, and role, the United States anticipates requesting the defendant be sentenced at the low end of his Guidelines range.

The United States respectfully requests that this Court adopt the Guidelines calculation contained within the PSR and sentence the defendant to a sentence at the low end of the Guidelines range.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

/s/ Rachel K. Jones
Rachel K. Jones
Assistant United States Attorney
Florida Bar No. 0091492
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
Email: Rachel.Jones@usdoj.gov

U.S. v. McNeely, et al.                    Case No. 8:21-cr-101-KKM-SPF

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2022, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Adrian Burden
    Matthew Mueller
    Ron Marzullo

                                              /s/Rachel K. Jones
                                              Rachel K. Jones
                                              Assistant United States Attorney
                                              Florida Bar No. 0091492
                                              400 N. Tampa St., Ste. 3200
                                              Tampa, FL 33602-4798
                                              Telephone: (813) 274-6000
                                              Facsimile: (813) 274-6358
                                              E-mail: Rachel.Jones@usdoj.gov